The defendant, Harry Singer, installed plumbing and heating fixtures in three buildings, pursuant to contract with the owner of the buildings. Failing to receive payment when due, he entered the buildings and removed the fixtures he had installed. At the time of this act foreclosure suits had been instituted on the mortgages covering the three buildings, and decree for sale had been entered; he was not a party to the foreclosure suits.
For his act he is before this court charged with contempt.
The evidence is conflicting as to whether or not defendant had actual knowledge when he committed the acts, that foreclosure suits were pending. There is a reasonable doubt; and I therefore find as a fact that he had not such knowledge.
On the other hand, I find as a fact that he knew of the existence of the mortgages, and that he knew that foreclosure proceedings probably — or least possibly — had been commenced. He also had the common constructive notice of the pendency of the suits.
Under the circumstances, therefore, although he had not actual knowledge, he was under the duty of inquiry; and he is chargeable with knowledge of what he would have *Page 221 
learned had he inquired — namely that the mortgages were undergoing foreclosure, and that decree for sale had been entered.
Essentially, then, for the purposes of the present proceedings, he must be deemed in the same situation as if he had had actual knowledge. One who, with reckless indifference, does an act which he knows may be illegal, without any effort to ascertain whether or not it is illegal, stands before the court in no better position than one who knowingly does the illegal act. He cannot excuse himself by saying, "I did not know" — he has acted at his peril; he has taken the risk.
Counsel for defendant argues that criminal intent must be shown, in order to convict defendant of contempt; that defendant cannot be adjudged guilty unless it appear that he intended to commit an act which was, under the facts as he knew them, a contempt of court.
To this I cannot subscribe. There are many criminal offenses in which an evil, criminal mind is not a necessary factor. One who drives an automobile recklessly does not intend to commit homicide, but he intends to do the act of driving which he does do, and if by reason of his reckless indifference loss of life results, he is guilty of homicide. And there are other criminal offenses which are such, irrespective of any question of knowledge or intent on the part of the one who commits them.
It is not necessary here to determine whether or not some criminal intent or something in the nature thereof must be shown to convict one of criminal contempt. Concededly the act he did was one tending to obstruct the administration of justice; an unlawful interference with the subject-matter of litigation in this court. Concededly the defendant would be guilty of contempt if he had known that the foreclosure suits were pending. In my view he must equally be held guilty of such contempt, where although without actual knowledge of the fact, he has notice sufficient to put him upon inquiry and through recklessness or indifference proceeds without making the inquiry, which, if made, would have given him the actual knowledge. *Page 222 
It is concluded therefore that defendant is guilty of a contempt. His lack of actual knowledge of the pendency of the foreclosure proceedings and the other evidence before the court makes it apparent that the degree or quality of the contempt was not flagrant. He had a grievance which he sought to remedy himself instead of taking the orderly court proceedings which were open to him — giving no thought or consideration to the harmful results to others which his conduct would cause.
In determining the punishment to be awarded, the degree of his offense will be taken into consideration, and also what, if anything, he has done by way of restitution or recompense, in order to purge himself of the contempt. The solicitor prosecuting for the court may move for sentence and entry of decree on any motion day, on the usual notice to defendant.